IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1880.

---

### EZRA DOUGHTY v. DANIEL CONOVER.

1. A statute regulating the fisheries throughout the state, is not unconstitutional with respect to a provision making penal the use of nets at certain times in particular counties.
2. In a summary proceeding for a penalty, an exception in the statute, though not in the enacting clause, must be shown to be inapplicable in the case by proper averments.
3. The conviction must contain sufficient of the evidence to show the legal propriety of the judgment founded upon it.

---

Writ of error.

Complaint was made before a justice of the peace of the county of Atlantic, of a violation of the second section of the act for the preservation of fish, passed April 5th, 1878. That section is in these words, viz.: "That it shall not be lawful for any person or persons to put, place or haul any gill, drift or other net at any time whatever, for the taking or catching of fish, between the first day of June and the first day of September, in any of the waters of Burlington and Atlantic."

The complaint was in the following words:

"State of New Jersey, Atlantic county, *ss.*—Daniel Conover, upon his oath, complains that on the twenty-fourth day of July, 1878, at the hour of about nine o'clock in the evening of the aforesaid date, at a place or location commonly called Deft Flat, in the county aforesaid, and the within-mentioned state, one Ezra Doughty did then and there, with intent, fish with a net, he well knowing that he was then and there violating the statutes made and provided for prohibiting the said fishing at that time, and at other divers times, in and about the said county, against the peace of this state, the government and dignity of the same. Therefore he asks that the said Ezra Doughty may be apprehended, held to answer to the said complaint, and dealt with as law and justice may require.

"DANIEL CONOVER.

"Sworn," &c.

The hearing and judgment were thus recorded by the justice:

"The state offered in evidence the map of Atlantic county; Daniel Conover, William Conover and Joseph H. Skirm sworn; the state proved that defendant was fishing in the water with a net; said water and net prohibited by the statute passed April 5th, 1878; the defendant offered no evidence, therefore I rendered judgment in favor of the state in the sum of twenty dollars, and three dollars and twenty-five cents costs, and stand committed until the fine and costs are paid."

This judgment was affirmed in the Circuit Court, and it is this latter judgment that is brought up by this writ of error.

Argued at February Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL and DIXON.

For the plaintiff in error, *H. L. Slape.*

For the defendant in error, *W. Y. Johnson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The first error assigned, and the one specially emphasized in the brief of the counsel for the plaintiff in error, is, that the section of the act by virtue of which this prosecution was instituted, is unconstitutional.

The provision thus arraigned interdicts the fishing with a net of a certain description, during a designated part of the year, "in any of the waters of the counties of Burlington and Atlantic;" and the contention is that, as the operation of the clause is thus confined, the enactment is local, and consequently is out of harmony with one of the probibitions in the fourth *placitum* of Section 7 of the amended constitution. The clause thus drawn in question declares that "no general law shall embrace any provision of a private, special or local character." But it seems to me very obvious that this restrictive injunction does not apply to such a law as the one under consideration. A law is not necessarily of a special or local character because it prohibits the doing of a thing in a certain locality. If this were so, a law regulating the use of the public roads of the state, and imposing penalties for the infringement of such rules, would be illegitimate, as such a law would be local, in the sense that it prohibited the doing of certain acts in particular localities, to wit, within the bounds of the public highways. I do not see how a law can be said to have a special or local character, that does not confer either a particular benefit, or does not impose a particular burthen upon the inhabitants of a designated place or district. It is very plain that the law in question is free from such characteristics. It is entitled " An act for the preservation of fish," and its purpose is to regulate throughout the state this public interest. The operation of the statute is as broad as the subject to be regulated, for it extends its adjustments to all the waters under the dominion of the state, and when it imposes the restrictions in the second clause, which is the one under criticism, such burthens are laid not only upon the inhabitants of the two counties that are mentioned, but upon all the citizens of the state. In short, this act dealt with a matter

of general concern, and it put a restraint upon everybody: it is not, therefore, special or local in its character.

This first point must be overruled.

But on several of the other errors assigned, the plaintiff in error is entitled to judgment in his favor. I shall notice only the most important, and that very briefly.

In the first place, the complaint is, in a substantial respect, defective. In the sixth section of the act on which the suit is founded, there is an exception to the prohibition against fishing with nets in the waters of the county of Atlantic. It is not, therefore, shown with certainty that the plaintiff in error, when he used a net, violated this law, as such act may have been done in waters in the county of Atlantic, from the use of which persons were not debarred. On the part of the defendant in error, it was urged that the rule of civil and criminal pleading was applicable, and that such rule did not require a saving clause to be noticed that was contained in a section subsequent to the enacting clause. Upon this point the decision in *McGear et al.* v. *Woodruff*, 4 *Vroom* 213, was relied on. But the principle of that case is not in point. That was a regular action at law for a penalty prescribed by an ordinance of a city, and the rule of pleading in civil cases was germane. But neither that rule, or the rule that applies to indictments, has place when we seek for the regulations provided by law with respect to the summary proceeding by complaint and conviction. It has been thought that such prosecutions easily run into oppression, and it is on that account that the law has thrown around the person inculpated its strongest safeguards. Referring to this subject, Chitty, in the first volume of his Criminal Law, page 284, thus expounds the doctrine: "Convictions upon penal statutes require in this respect much greater strictness than indictments; for in general, it is necessary to show by negative averments, that the defendant is not within any of the provisions or exceptions of the statute. It has, indeed, been said that where the proviso is subsequent to, and independent of the enacting clause, it is unnecessary to negative its exceptions; but this seems contrary

to the whole course of the decisions. The reason for this distinction may be, that the former are summary proceedings before an inferior jurisdiction, and do not afford to the defendants those advantages that the common law allows them; and therefore it is reasonable that it should appear on the face of the proceedings that they have no statuable defence on which they can rely." The cases cited in the notes to this passage are numerous, and show conclusively that this rule of law has been for a great length of time entirely established; therefore, it would be superfluous to discuss the subject further. In this respect the procedure is fatally defective.

So, likewise, is the conviction insufficient. The record must show the grounds of the conviction, so that the supervisory court, reviewing the proceedings, can see that the law has been strictly observed. In the present case all that the justice states is, that certain witnesses were sworn, and his own inference that such testimony made out a case against the defendant. It is impossible to discover from such a statement, whether this judgment was warranted upon legal principles. We have the word of the justice for this and nothing else. So far as my observation extends, it has been uniformly decided that such a record is radically imperfect. This view has been repeatedly expressed judicially in our own courts. In the case of *Keeler* v. *Milledge*, 4 *Zab.* 145, this doctrine is affirmed in express terms, for it is said "it should set out, not only the names of the witnesses examined, but at least the substance of the testimony, that the court above may judge of its sufficiency to convict." *Handlin* ads. *State*, 1 *Harr.* 96, is an authority to the same effect. In the recent case of *Buck* v. *Danzenbacker*, 8 *Vroom* 359, the doctrine is emphatically reiterated. In these cases a number of authorities are referred to.

This defect also vitiates the judgment.

Upon looking into the original record sent up with the writ of error, I find mistakes and irregularities that would of themselves be fatal to this conviction. The complaint and summons were against Elisha Doughty; the conviction is against Ezra Doughty; and the record in the Circuit Court cites and

affirms a judgment recovered by Daniel Conover against Ezra Doughty in the court for the trial of small causes. There was no such judgment, as the conviction was of course before a justice of the peace, as such, and not in the court for the trial of small causes.

The judgment is erroneous and must be reversed.